

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

August 22, 2005

John P. Pierce, Esq.
Law Offices of John P. Pierce, LLP
Suite 500
4641 Montgomery Avenue
Bethesda, MD 20814

*CR05-276-02*

Re:    Adriana Santamaria

Dear Mr. Pierce:

This letter sets forth the full and complete plea offer to your client, Ms. Santamaria. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on August 24, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Santamaria agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Sections 666(a)(1)(A) (obtaining funds by fraud from programs receiving federal funds) and 2 (aiding and abetting). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Santamaria and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Santamaria agrees that the attached "Statement of Offense" fairly and accurately describes Ms. Santamaria's actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Ms. Santamaria will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Ms. Santamaria understands that the maximum sentence that can be imposed is 10 years imprisonment, a fine of $ 250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Santamaria understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2000) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Santamaria understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the

Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Specific Sentence:** Ms. Santamaria and the Government agree that the following sentence is the appropriate sentence for the offense to which your client is pleading guilty.

> Twenty (20) months of incarceration shall be imposed. A fine shall not be imposed. Other terms of the sentence such as the length of supervised release and the amount of restitution shall be decided by the Court.

The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Ms. Santamaria understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford her an opportunity to withdraw the plea, or if she persists in the guilty plea, will inform your client that a final disposition may be less favorable to her than that contemplated by this agreement. The parties understand that this sentence may depart from the Federal Sentencing Guideline range as calculated by the Probation Office, however the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept an agreed upon sentence.

4. **Financial Arrangements:** Ms. Santamaria agrees that prior to the date of her sentencing, or as soon as possible, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code § 3013, and to make a payment of at least $25,000 towards restitution to Georgetown University, 4000 Reservoir Road, N.W., Washington, D.C. 20007. Ms. Santamaria and Maria Cabrales are jointly and severally liable for the restitution amount to be determined by the Court. Ms. Santamaria also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Plea offer contingent:** The plea offer to your client is contingent upon the acceptance of a plea offer made to Maria Cabrales. Unless both plead guilty pursuant to their plea agreements, neither plea offer is valid.

6. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at

sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Santamaria's criminal activities. In addition, Ms. Santamaria acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Government Concessions:** In exchange for her guilty plea, the government agrees: 1) not to oppose Ms. Santamaria's release pending sentencing; 2) not to oppose Ms. Santamaria's voluntary surrender to commence serving any sentence which is imposed; 3) not to object to Ms. Santamaria's request for a recommendation from the Court as to the particular facility in which she will serve any incarceration imposed; and 4) the United States Attorney's Office for the District of Columbia will not bring criminal charges against family members of Ms. Cabrales and Ms. Santamaria regarding the events described in the Statement of Offense, provided that Ms. Santamaria continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Santamaria in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the fraud outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Santamaria does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Santamaria.

10. **Breach of Agreement:** Ms. Santamaria agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Santamaria's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding,

3

criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Santamaria will not have the right to withdraw the guilty plea; (c) Ms. Santamaria shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Santamaria, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

11. **USAO's Criminal Division Bound**: Ms. Santamaria understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Santamaria.

12. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Santamaria, Ms. Santamaria's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Santamaria may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Santamaria and her counsel.

Sincerely yours,

*Kenneth L. Wainstein JR*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *Thomas E Zeno*
THOMAS E. ZENO
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, John P. Pierce, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 8/24/05

*Adriana Santamaria*
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8/24/05

John P. Pierce, Esquire
Attorney for defendant Santamaria