FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA : 
: Criminal No.: 05-276-02 (HHK)
:
:
v. :
:
Adriana Santamaria, :
:
Defendant. :

## SENTENCING MEMORANDUM

### Introduction

Defendant Adriana Santamaria requests that this Court impose the sentence to which the parties agreed through the Rule 11(c)(1)(C) plea agreement, including a 20-month custodial sentence. Further, Ms. Santamaria seeks an order for restitution to account for the losses for which she is responsible, and an order for joint and several restitution for losses attributable to both Ms. Santamaria and her sister and co-defendant, Maria Cabrales. Ms. Santamaria also seeks the opportunity to self-surrender and will request a particular prison facility at the time of sentencing, conditions to which the Government does not object.

### Background

Adriana Santamaria has lived an exemplary life but for the transgression that led to this prosecution and conviction. She grew up in a solid, law-abiding family and, together with her husband, has raised a solid, law-abiding family. Ms. Santamaria was loyal to and worked for the same employer, Georgetown University, for almost 30 years. For the last 13 of those years, she served as the Administrator of the Department of

Measiology and Immunology at the Georgetown University Medical Center. Despite her dedication to her long-time employer, she inexplicably defrauded her employer causing losses that included losses of funds provided by the federal government. She is extremely ashamed and remorseful about this aberrational conduct, and is fully prepared to pay the price to society through a custodial sentence and, together with her sister Maria, to pay restitution to the school.

### Custody

The plea agreement between the parties calls for a custodial sentence of twenty (20) months. This term was determined by the agreed calculations of the offense conduct, the loss, the lack of any prior record whatsoever by Ms. Santamaria, and the application of the advisory guidelines. Ms. Santamaria submits that this agreement between the parties is appropriate under all the circumstances and should be adopted by this Court.

### Restitution

From the outset of the Government's investigation, Ms. Santamaria has fully acknowledged her responsibility and stood ready to pay society for her crimes and pay restitution to Georgetown University. To that end, Ms. Santamaria readily acknowledged from the outset that she is responsible for diverting $290,000 in honoraria funds to her sister, co-defendant Maria Cabrales, through the accounts of Maria and her common-law husband, repayment for which Ms. Santamaria and Ms. Cabrales are jointly and severally responsible.[1] She also fully acknowledged from the outset of the government's investigation that she wrongfully diverted $87,750 to the accounts of family members

---

[1] Maria's common-law husband, Rudy Caballeros, was unaware of the schemes perpetrated by Ms. Santamaria and her sister, Maria Cabrales.

through historical and individual paperwork reflecting that family members performed work for the school that had not been performed (family "day laborers").[2] Further, she acknowledged that she inappropriately obtained reimbursement for unauthorized expenses of $6,816.11, and incurred unauthorized credit card expenses of $17,384.57, borne by the university. Finally, she inappropriately incurred expenses for which the school paid third party vendors, including a mobile phone service provider.

Ms. Santamaria further understands that some of the funds inappropriately diverted caused the school to collect from the federal governments additional monies from certain federally-funded grants, so-called indirect costs, which the school was forced to repay. For those indirect costs attributable to the honoraria scheme, Ms. Santamaria is jointly and severally responsible for restitution with Ms. Cabrales. For indirect costs attributable to losses caused by Ms. Santamaria for the other schemes (family "day laborers," expense reimbursement, credit card abuse, and third party vendors), Ms. Santamaria is solely responsible for restitution on those indirect costs.

Although Ms. Santamaria has readily admitted causing the foregoing losses to the school, Georgetown University alleges that the school has suffered additional losses relating to the costs associated with five computers and one computer training program and alleges Ms. Santamaria is responsible for those losses. However, Ms. Santamaria is not responsible for any such losses, if any, associated with those items. Ms. Santamaria understands that the cost of these items totals approximately $19,724.52.

Ms. Santamaria's responsibilities as the Administrator of the Department of Microbiology and Immunology at the Georgetown University Medical Center included ordering equipment for a variety of professors in her department upon their request, and

---

[2] The family members were likewise unaware of the scheme perpetrated by Ms. Santamaria.

server at any administrator would be provided with access to a computer network. She routinely ordered, for instance, computers with specifications requested by the particular professors. The expenses associated with the acquisition of five of those computers, and a computer training course, are what remain in dispute between the parties. Ms. Santamaria ordered a Dell computer for Professor Cole at a cost of $2,498.56, three Dell computers for Professor Cihlar at costs of $1,724.00, $1,680.00 and $5,566.00, respectively, and one Dell computer for Professor Rosenthal at a cost of $2,760.96. The professors made the specific requests for that equipment, and she filled the specific requests. If and when she received the delivery of equipment, she ensured the equipment was delivered to the requesting professor. She also requested and received permission from Professor Cole to take a computer training course from the vendor Learning Tree for $5,495.00, which training she used exclusively to enhance the performance and execution of her responsibilities at Georgetown and for no other reason.

To the extent the school suffered any losses associated with these items, Ms. Santamaria is not responsible for any such loss. She obtained each of the items at the specific request of, or with the permission of, the referenced professor. The equipment and training studies were ordered specifically for the school. As a result, the amount of the restitution requested by the Government and Georgetown should be reduced by $19,724.52.

### Self-surrender

The parties have also agreed that a self-surrender is appropriate for Ms. Santamaria. As noted, Ms. Santamaria readily admitted her crimes at the outset of the Government's investigation and was ready and willing to resolve her case as soon as she

lead of a criminal investigation. For the past 18 she has been available to the prosecution without any conditions of release whatsoever. She is firmly rooted in this community and poses absolutely no risk of flight to this Court. She respectfully requests a self-surrender date to follow the holiday season.

### Bureau of Prisons Placement

Ms. Santamaria will request a recommendation from this Court at the time of sentencing for placement in a specific Bureau of Prison facility.

### Conclusion

For the foregoing reasons, Ms. Santamaria respectfully requests that this Court: impose a custodial sentence of twenty months, as agreed between the parties; reduce, by $19,724.52, the total amount of restitution requested by the government; order that co-defendant Maria Cabrales be jointly and severally liable for the portion of restitution attributable to the direct and indirect losses associated with the honoraria scheme; allow a self-surrender to follow the holidays; and recommend a particular Bureau of Prison facility to be requested at the hearing on this matter.

Respectfully submitted,

_John Pierce_ / EUR

John P. Pierce, Bar No. 475101
The Pierce Law Group LLC
4641 Montgomery Avenue, Suite 410
Bethesda, MD 20814
301-657-4433

# CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of November 2005, a copy of the foregoing was served via facsimile upon the following:

Thomas E. Zeno, AUSA
U.S. Attorney's Office
555 4th Street, NW, Room 5243
Washington, D.C. 20530

_____
John P. Pierce, Esq.
The Pierce Law Group LLC
4641 Montgomery Avenue
Suite 410
Bethesda, MD 20814
*Counsel for Defendant Santamaria*